# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

Margaret Botkins
Clerk of Court



Jon Bastian
Chief Deputy Clerk

December 16, 2025

Chris Wolpert, Clerk of Court
United States Court of Appeals for the 10th Circuit
Byron R. White Courthouse
1823 Stout Street
Denver, CO  80257

> Re:    Signal Hill Service Inc et al v. California State Lands Commission
>         District Court Case Number:  2:25-cv-236
>         Notice of Appeal Filed:        12/15/2025
>         Filing fee has not been paid.

Dear Mr. Wolpert:

Attached are documents filed in connection with the Notice of Appeal in this case, which will constitute the preliminary record on appeal:

- Copy of District Court docket entries

- Copy of Notice of Appeal

- Copy of the District Court's final judgment or order(s) from which the appeal is taken.

Sincerely,

Margaret Botkins
Clerk of Court

By: _____

Attachment(s)

APPEAL,BAP,TERMED

# U.S. District Court
## District of Wyoming (Cheyenne)
## CIVIL DOCKET FOR CASE #: 2:25−cv−00236−KHR
### *Internal Use Only*

| | |
|---|---|
| Signal Hill Service Inc et al v. California State Lands Commission | Date Filed: 10/09/2025 |
| | Date Terminated: 11/14/2025 |
| Assigned to: Chief District Judge Kelly H Rankin | Jury Demand: None |
| Case in other court:  United States Bankruptcy Court District of Wyoming, 24−20439 | Nature of Suit: 422 Bankruptcy Appeal (801) |
| Cause: 28:1334 Bankruptcy Appeal | Jurisdiction: Federal Question |

**Appellant**

**Signal Hill Service Inc**     represented by   **Stephen R Winship**
WINSHIP & WINSHIP
145 South Durbin, Suite 201
Casper, WY 82601
307/234−8991
Fax: 307/234−1116
Email: steve@winshipandwinship.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellant**

**Carone Energy Corporation**     represented by   **Stephen R Winship**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellant**

**Carone Petroleum Corporation**     represented by   **Stephen R Winship**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellant**

**Republic Drilling Company, Inc.**     represented by   **Stephen R Winship**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellant**

**Pacific Operations Offshore, LLC**     represented by   **Stephen R Winship**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellant**

**Verrazzano Corporation**                    represented by   **Stephen R Winship**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*


**Appellant**

**Carpinteria Offshore Project Ltd**          represented by   **Stephen R Winship**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*


**Appellant**

**Pacific Operators Inc.**                    represented by   **Stephen R Winship**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*


**Appellant**

**Anamerican Corporation**                    represented by   **Stephen R Winship**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*


V.

**Appellee**

**California State Lands Commission**         represented by   **Jeffrey Marc Boldt**
                                                              OVERSTREET HOMAR & KUKER
                                                              Attorneys At Law
                                                              508 East 18th Street
                                                              Cheyenne, WY 82001
                                                              307/274–4444
                                                              Fax: 307/274–4443
                                                              Email: jeffrey@kukerlaw.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|---|---|---|
| 10/09/2025 | 1 | The case has been assigned to the Honorable Kelly H. Rankin. (Court Staff, samz) (Entered: 10/09/2025) |
| 10/09/2025 | 2 | NOTICE OF APPEAL FROM BANKRUPTCY COURT. Record received from the Bankruptcy Court 10/09/2025. (Attachments: # 1 Order [Bankr. ECF No. 12], # 2 Amended Protective Order [Bankr. ECF No. 43], # 3 Order on Motion to Clarify Order [Bankr. ECF No. 44], # 4 BK Docket) (Court Staff, samz) (Entered: 10/09/2025) |
| 10/09/2025 | 3 | |

| | | |
|---|---|---|
| | | Motion for Leave to Appeal filed by Appellants Anamerican Corporation, Carone Energy Corporation, Carone Petroleum Corporation, Carpinteria Offshore Project Ltd, Pacific Operations Offshore, LLC, Pacific Operators Inc., Republic Drilling Company, Inc., Signal Hill Service, Inc., Verrazzano Corporation. Response due for Appellee California State Lands Commission on or before 10/23/2025. (Court Staff, samz) (Entered: 10/09/2025) |
| 10/09/2025 | 4 | CASE OPENING SCHEDULING LETTER: The above captioned case was entered on the docket on October 9, 2025, and assigned the case number referenced above. Statement of Admission, Statement of Interested Parties, and Statement Regarding Oral Argument due on or before 10/23/2025 for all parties. (Court Staff, samz) (Entered: 10/09/2025) |
| 10/23/2025 | 5 | STATEMENT *of Admission to Practice, Entry of Appearance, Statement of Interested Parties and Statement Regarding Oral Argument* by Appellants Anamerican Corporation, Carone Energy Corporation, Carone Petroleum Corporation, Carpinteria Offshore Project Ltd, Pacific Operations Offshore, LLC, Pacific Operators Inc., Republic Drilling Company, Inc., Signal Hill Service Inc, Verrazzano Corporation. (Winship, Stephen) (Entered: 10/23/2025) |
| 10/23/2025 | 6 | Joint STATEMENT *of Admission to Practice, Statement of Interested Parties, and Statement Regarding Oral Argument* by Appellee California State Lands Commission. (Boldt, Jeffrey) (Entered: 10/23/2025) |
| 10/23/2025 | 7 | Opposition to Debtor's Motion for Leave to Appeal 3 filed by Appellee California State Lands Commission. (Boldt, Jeffrey) Modified on 10/24/2025 (Court Staff, samz). (Entered: 10/23/2025) |
| 11/14/2025 | 8 | Order Denying Motion for Leave and Dismissing Appeal filed by Chief District Judge Kelly H. Rankin. (Court Staff, samz) (Entered: 11/14/2025) |
| 11/14/2025 | 9 | Judgment of this Court is hereby entered in accordance with the Order Denying Motion for Leave and Dismissing Appeal of Chief District Judge Kelly H. Rankin entered on November 14, 2025. (Court Staff, samz) (Entered: 11/14/2025) |
| 12/01/2025 | 10 | MANDATE: Mandate issued. All parties and bankruptcy court served. (Court Staff, smkm) (Entered: 12/01/2025) |
| 12/15/2025 | 11 | NOTICE OF APPEAL as to 8 Order dismissing case filed by Appellants Anamerican Corporation, Carone Energy Corporation, Carone Petroleum Corporation, Carpinteria Offshore Project Ltd, Pacific Operations Offshore, LLC, Pacific Operators Inc., Republic Drilling Company, Inc., Signal Hill Service Inc, Verrazzano Corporation. (Attachments: # 1 Exhibit) (Winship, Stephen) (Entered: 12/15/2025) |

Stephen R. Winship
(Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP, P.C.
145 South Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991
steve@winshipandwinship.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

In re:

SIGNAL HILL SERVICE, INC.,

                  Debtor.

Case No. 24-20439
CHAPTER 7

---

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

**COMES NOW** the above-named Debtor and its affiliates, by and through their attorney, and hereby appeal to the United States District Court for the District of Wyoming from the orders entered in the above referenced matter by the United States Bankruptcy Court for the District of Wyoming as follows: "Order Granting Creditor's Motion for Rule 2004 Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel", dated February 21, 2025 [D.E. 12]; "Amended Protective Order – Confidential Designation Only", dated September 26, 2025 [D.E. 43]; and "Order on Motion to Clarify Order", dated September 26, 2025 [D.E. 44].

The parties to the Orders appealed from and the names and addresses of their respective attorneys are as follows:

| | |
|---|---|
| **Debtor:** | SIGNAL HILL SERVICE, INC. |
| **Debtor's affiliates:** | CARONE ENERGY CORPORATION, CARONE PETROLEUM CORPORATION, REPUBLIC DRILLING COMPANY, INC., |

**1 |** P a g e

WYD 4

PACIFIC OPERATORS OFFSHORE, LLC,
VERRAZZANO CORPORATION,
CARPINTERIA OFFSHORE PROJECT LTD,
PACIFIC OPERATORS, INC., dba PACIFIC
OPERATORS OFFSHORE, INC.,
ANAMERICAN CORPORATION (fdba
ANAMERICAN DRILLING, INC.)

**Attorney for Appellants:**     Stephen R. Winship, #5-2093
WINSHIP & WINSHIP, P.C.
145 S. Durbin Street, Suite 201
Casper, WY 82601
Telephone: (307) 234-8991
steve@winshipandwinship.com

**Creditor:**     CALIFORNIA STATE LANDS COMMISSION

**Attorneys for Appellee:**     Steven Kerns, *pro hac vice*
Isabella Langone, *pro hac vice*
Jessica Tucker-Mohl, *pro hac vice*
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7662
Steven.Kerns@doj.ca.gov
Isabella.Langone@doj.ca.gov

Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
Telephone: (307) 274-4444
jeffrey@kukerlaw.com

**Subject of Appeal:**

"Order Granting Creditor's Motion for Rule 2004 Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel", dated February 21, 2025 [D.E. 12]

"Amended Protective Order – Confidential Designation Only", dated September 26, 2025 [D.E. 43]

"Order on Motion to Clarify Order", dated September 26, 2025 [D.E. 44]

**2 |** P a g e

**STATEMENT OF ELECTION**

Pursuant to 28 U.S.C. § 158(c)(1) and Fed. R. Bankr. P. 8005(a)(1), Debtor-Appellant

and its Affiliates hereby give notice of their election to have this appeal considered by the

United States District Court for the District of Wyoming rather than the Bankruptcy Appellate

Panel.

     **DATED** this 9<u>th</u> day of October, 2025.

                                SIGNAL HILL SERVICE, INC.

                                By:__/s/_____
                                Stephen R. Winship
                                (Wyoming State Bar No. 5-2093)
                                WINSHIP & WINSHIP, P.C.
                                145 S. Durbin Street, Suite 201
                                Casper, WY 82601
                                (307) 234-8991
                                steve@winshipandwinship.com

**APPENDIX TO NOTICE OF APPEAL**

1.      Order Granting Creditor's Motion for Rule 2004 Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel

2.      Amended Protective Order – Confidential Designation Only

3.      Order on Motion to Clarify Order

**3 |** P a g e

FILED

UNITED STATES BANKRUPTCY COURT
DISTRICT OF WYOMING

1:35 pm, 2/21/25

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **In Re: SIGNAL HILL SERVICE, INC.,**<br><br>Debtor. | CASE NO.: 2:24bk20439<br><br>Chapter 7 |
| **SIGNAL HILL SERVICE, INC.,**<br><br>Debtor,<br><br>v.<br><br>**CALIFORNIA STATE LANDS COMMISSION,**<br><br>Creditor. | **[PROPOSED] ORDER GRANTING CREDITOR'S MOTION FOR RULE 2004 REQUEST FOR PRODUCTION OF DOCUMENTS AND DEPOSITION OF THIRD-PARTY WITNESS ALEX SCHURAWEL**<br><br>Hearing: N/A<br>Time: N/A<br>Place: 2120 Capitol Avenue<br>      8th Floor<br>      Cheyenne, WY 82001<br>Judge: Honorable Cathleen D. Parker |

**<u>ORDER</u>**

On February 7, 2025, the Creditor, the California State Lands Commission ("Commission") filed its unopposed Motion for the Production of Documents and third-party deposition of Mr. Alex Schurawel pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 ("Motion"). Having considered the Commission's Motion, and good cause appearing, the Court rules as follows:

/ / /

/ / /

1

WYD 7

**IT IS HEREBY ORDERED THAT:**

1. The Commission's Motion for a subpoena for the production of documents or electronically stored information is **GRANTED**;

2. The Commission's Motion for a subpoena for the third-party deposition of Mr. Alex Schurawel to take place after April 15, 2025, as is mutually agreed between the examinee Mr. Schurawel, and the Commission, is **GRANTED**;

3. The Commission is authorized, pursuant to section 105(a), rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2004-1, to serve a subpoena substantially in the form attached to the Motion, for production and testimony;

4. The Clerk shall issue, and the Commission shall serve, the Rule 2004 Subpoena, and a copy of this order on Mr. Schurawel and the United States Trustee for the District of Wyoming;

5. The Commission shall file with the Court an affidavit or declaration of service of the Rule 2004 Subpoena;

6. Orders that Mr. Schurawel produce all responsive unprivileged documents within 30 days of service;

7. Orders that third-party deposition of Mr. Schurawel must adhere to the boundaries identified in Bankruptcy Rule 2004, subdivision (b);

8. This order is without prejudice to the Commission's right to file further motions seeking additional documents or testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable Bankruptcy Rules.

**IT IS SO ORDERED.**

_Cathleen D. Parker_ 2/21/2025
The Honorable Cathleen D. Parker
United States Bankruptcy Judge

2

FILED

11:19 am, 9/26/25

HJ Esterholdt
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF WYOMING

| | |
|---|---|
| **In re:**<br><br>**In Re: SIGNAL HILL SERVICE, INC.,**<br><br>Debtor. | CASE NO. 2:24bk20439<br><br>**AMENDED PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY**<br><br>Hearing:<br>Time:<br>Courtroom: 2120 Capitol Avenue<br> 8th Floor<br> Cheyenne, WY 82001<br>Judge: Honorable Cathleen D. Parker |

1

IT IS HEREBY ORDERED by and between creditor California State Lands Commission ("Creditor") and debtor Signal Hill Service, Inc. ("Debtor"), to enable the parties to produce or seek discovery of documents, information, or other materials that may contain or relate to personal, sensitive, and/or confidential information of another party or a third party, that may be subject to confidentiality limitations on disclosure due to federal laws and privacy rights, the Court orders as follows:

1.     PURPOSES AND LIMITATIONS: Disclosure and discovery activity in this Proceeding are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this bankruptcy and related matters may be warranted, necessitating this Court's Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Protective Order does not automatically entitle any party to file confidential information under seal.

2.     DEFINITIONS: In this Protective Order, the words set forth below shall have the following meanings:

a.     "Proceeding" means the above-entitled bankruptcy proceeding 2:24bk20439, unless context indicates other case proceedings, including but not limited to Case No. 19CV04295 adjudicated within the Superior Court of the State of California – County of Santa Barbara.

b.     "Court" means the Hon. Cathleen D. Parker, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c.     "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information

2

is entitled to confidential treatment under applicable law.

d. "Confidential Materials" means and includes any document, thing, deposition testimony, interrogatory answers, responses to requests for admissions and requests for production, disclosures, pursuant to Federal Rule of Civil Procedure 26, or other information provided in discovery or settlement communications and negotiations in this or previous Proceedings between the Parties, that contains information that is non-public, confidential, and/or sensitive, such as employment information, and other information, the disclosure of which is likely to cause harm to the position of the party making the confidential designation.

e. "Designating Party" means the Party that designates Materials as "Confidential."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any "Writing," "Recording," "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence 1001, subdivisions (a), (d), and (e) that have been produced in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Information" means the content of Documents.

i. "Testimony" means all depositions, declarations, or other statements taken or used in this or prior Proceedings, including but not limited to Case No. 19CV04295 adjudicated within the Superior Court of the State of California – County of Santa Barbara.

3. The Designating Party shall have the right to designate as "Confidential" any Documents or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential

3

treatment under applicable law. **Any tax returns that are disclosed are deemed confidential without any party designating them as such and any testimony concerning any information within those tax returns should also be treated as confidential without specific designation.**

4. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5. Any Documents or Information to be designated as "Confidential" must be clearly so designated before the Document or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information. Documents or Information shall, otherwise, be produced in their native format despite their "Confidential" designations, unless redaction or omission can be justified through any applicable privilege or law.

a. For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" before the deposition is concluded with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the final deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix the top of each page the legend "Confidential," as instructed by the Designating Party.

4

**iii. any testimony related to the content of the tax returns is deemed confidential without either party designating it as such.**

b. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, external hard drives, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

6. For documents redacted or withheld from production solely on the basis of privilege, including attorney-client privilege, work product doctrine, and/or any other applicable privilege, the Producing Party will prepare a privilege log containing, for each document claimed as privileged, the following information:

a. Date composed, created, or appearing on the document;

b. Date document was sent or communicated to others;

c. Author(s);

d. Number of pages, if other than an email;

e. Privilege or protection claimed; and

f. Brief description identifying the document type (e.g., email, PowerPoint, memorandum, etc.) and subject matter of the document. This provision does not require a privilege log for records that are unresponsive to any propounded Request for Production.

7. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document or Information that is subject to a "Confidential" designation is inadvertently

5

produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document or Information shall promptly destroy the inadvertently produced Document or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document or Information to counsel for the producing Party and shall retain only the intentionally produced "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. If this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents or Information, such law shall govern.

8.      In the event that counsel for a Party receiving Documents or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information

6

addressed by the Designation Objections (the "Designation Motion").  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation.  If the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion by the Designating Party, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

9.      Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a.      the Court;

b.      (1) Attorneys of record in this or any prior Proceedings and their affiliated attorneys, and support staff employed by such attorneys who are actively involved in this Proceeding and are not employees of any Party.  (2) In-house counsel to the Debtor, Signal Hill Service Inc., and its affiliates, and Creditor, California State Lands Commission, and the paralegal, clerical and secretarial staff employed by such counsel.  Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

c.      those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the investigation of Debtor's finances within this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall

7

secure the signature of such person on a statement in the form attached hereto as Exhibit A;

       d.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

       e.    any deposition, trial or hearing witness in this or any prior Proceedings who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

       f.    any deposition or non-trial hearing witness in this Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

       g.    mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

       h.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall  secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach

WYD 16

of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and any other person that the Designating Party agrees to in writing.

10. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding and those related to it, and not for any business or other purpose whatsoever.

11. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

12. Entering, agreeing to, and/or complying with the terms of this Protective Order shall not:

a. operate as an admission by any person that any Document or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

i. to seek a determination by the Court of whether any Confidential Material should be subject to protection as "Confidential" under the terms of this Protective Order; or

ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any Document, Material or Information.

13. Any Party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become

9

WYD 17

a Party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

14.     Any Information that may be produced by a non-Party witness in discovery in this or any prior Proceedings pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto.  Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

15.     If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any Documents or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16.     Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require

10

additional protection. The Parties shall meet and confer to agree upon the merits and terms of such additional protection.

17. If, after execution of this Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

18. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

19. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material, including in motions, briefs, and proceedings. A Party that seeks to file under seal any Confidential Material must comply with all applicable bankruptcy laws, local rules, and federal laws. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

20. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek

11

judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Material.

21.     This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after this Proceeding and all subsequent and/or related proceedings are terminated.

22.     Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition subject to the agreement between the Parties' counsel, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials.  To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

23.     The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Protective Order. If the Court modifies this Protective Order, or if the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter

such a different Order.  It is the Parties' intent to be bound by the terms of this Protective Order pending its entry to allow for immediate production of Confidential Materials under the terms herein.  This Protective Order may be executed in counterparts.

**<u>ORDER</u>**

**GOOD CAUSE APPEARING**, the Court hereby approves this Protective Order.

**IT IS SO ORDERED.**

9/26/2025

The Honorable Cathleen D. Parker
United States Bankruptcy Judge

13

**EXHIBIT A**

**CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS**

I _____ hereby acknowledge that I, _____,
[POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, (Case No. 2:24bk20439.)  I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding.  I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms. I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding or those related to it, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding. I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.  Executed this _____ day of _____, 20__, at _____.

DATED:_____  BY: _____

Signature _____
Title _____
Address _____
City, State, Zip _____
Telephone Number_____

14

FILED

1:48 pm, 9/26/25

HJ Esterholdt
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In re:

SIGNAL HILL SERVICE, INC.,

Debtor.

Case No. 24-20439
Chapter 7

## ORDER ON MOTION TO CLARIFY ORDER

This matter is before the court on Debtor's Motion to Clarify Order. The court entered the Protective Order on September 26, 2025. As such, Debtor's Motion is denied as moot.

BY THE COURT

_____ 9/26/2025

Honorable Cathleen D. Parker
United States Bankruptcy Judge

Service to:
Signal Hill Service, Inc.
Stephen R. Winship
Steven Kerns

FILED

1:35 pm, 2/21/25

Tim J. Ellis
Clerk of Court

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **In Re: SIGNAL HILL SERVICE, INC.,**<br><br>Debtor. | CASE NO.: 2:24bk20439<br><br>Chapter 7 |
| **SIGNAL HILL SERVICE, INC.,**<br><br>Debtor,<br><br>**v.**<br><br>**CALIFORNIA STATE LANDS COMMISSION,**<br><br>Creditor. | **[PROPOSED] ORDER GRANTING CREDITOR'S MOTION FOR RULE 2004 REQUEST FOR PRODUCTION OF DOCUMENTS AND DEPOSITION OF THIRD-PARTY WITNESS ALEX SCHURAWEL**<br><br>Hearing: N/A<br>Time: N/A<br>Place: 2120 Capitol Avenue<br> 8th Floor<br> Cheyenne, WY 82001<br>Judge: Honorable Cathleen D. Parker |

## <u>ORDER</u>

On February 7, 2025, the Creditor, the California State Lands Commission ("Commission") filed its unopposed Motion for the Production of Documents and third-party deposition of Mr. Alex Schurawel pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 ("Motion"). Having considered the Commission's Motion, and good cause appearing, the Court rules as follows:

///

///

1

**IT IS HEREBY ORDERED THAT:**

1.  The Commission's Motion for a subpoena for the production of documents or electronically stored information is **GRANTED**;

2.  The Commission's Motion for a subpoena for the third-party deposition of Mr. Alex Schurawel to take place after April 15, 2025, as is mutually agreed between the examinee Mr. Schurawel, and the Commission, is **GRANTED**;

3.  The Commission is authorized, pursuant to section 105(a), rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2004-1, to serve a subpoena substantially in the form attached to the Motion, for production and testimony;

4.  The Clerk shall issue, and the Commission shall serve, the Rule 2004 Subpoena, and a copy of this order on Mr. Schurawel and the United States Trustee for the District of Wyoming;

5.  The Commission shall file with the Court an affidavit or declaration of service of the Rule 2004 Subpoena;

6.  Orders that Mr. Schurawel produce all responsive unprivileged documents within 30 days of service;

7.  Orders that third-party deposition of Mr. Schurawel must adhere to the boundaries identified in Bankruptcy Rule 2004, subdivision (b);

8.  This order is without prejudice to the Commission's right to file further motions seeking additional documents or testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable Bankruptcy Rules.

**IT IS SO ORDERED.**

_Cathleen D. Parker_ 2/21/2025
The Honorable Cathleen D. Parker
United States Bankruptcy Judge

2

FILED

UNITED STATES BANKRUPTCY COURT
DISTRICT OF WYOMING

11:19 am, 9/26/25

HJ Esterholdt
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF WYOMING

| | |
|---|---|
| **In re:** | CASE NO. 2:24bk20439 |
| **In Re: SIGNAL HILL SERVICE, INC.,** | **AMENDED PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY** |
| Debtor. | Hearing:<br>Time:<br>Courtroom: 2120 Capitol Avenue<br>8th Floor<br>Cheyenne, WY 82001<br>Judge: Honorable Cathleen D. Parker |

1

WYD 26

IT IS HEREBY ORDERED by and between creditor California State Lands Commission ("Creditor") and debtor Signal Hill Service, Inc. ("Debtor"), to enable the parties to produce or seek discovery of documents, information, or other materials that may contain or relate to personal, sensitive, and/or confidential information of another party or a third party, that may be subject to confidentiality limitations on disclosure due to federal laws and privacy rights, the Court orders as follows:

1.     PURPOSES AND LIMITATIONS: Disclosure and discovery activity in this Proceeding are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this bankruptcy and related matters may be warranted, necessitating this Court's Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Protective Order does not automatically entitle any party to file confidential information under seal.

2.     DEFINITIONS: In this Protective Order, the words set forth below shall have the following meanings:

a.     "Proceeding" means the above-entitled bankruptcy proceeding 2:24bk20439, unless context indicates other case proceedings, including but not limited to Case No. 19CV04295 adjudicated within the Superior Court of the State of California – County of Santa Barbara.

b.     "Court" means the Hon. Cathleen D. Parker, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c.     "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information

2

is entitled to confidential treatment under applicable law.

d. "Confidential Materials" means and includes any document, thing, deposition testimony, interrogatory answers, responses to requests for admissions and requests for production, disclosures, pursuant to Federal Rule of Civil Procedure 26, or other information provided in discovery or settlement communications and negotiations in this or previous Proceedings between the Parties, that contains information that is non-public, confidential, and/or sensitive, such as employment information, and other information, the disclosure of which is likely to cause harm to the position of the party making the confidential designation.

e. "Designating Party" means the Party that designates Materials as "Confidential."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any "Writing," "Recording," "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence 1001, subdivisions (a), (d), and (e) that have been produced in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Information" means the content of Documents.

i. "Testimony" means all depositions, declarations, or other statements taken or used in this or prior Proceedings, including but not limited to Case No. 19CV04295 adjudicated within the Superior Court of the State of California – County of Santa Barbara.

3. The Designating Party shall have the right to designate as "Confidential" any Documents or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential

3

treatment under applicable law. **Any tax returns that are disclosed are deemed confidential without any party designating them as such and any testimony concerning any information within those tax returns should also be treated as confidential without specific designation.**

4.     The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5.     Any Documents or Information to be designated as "Confidential" must be clearly so designated before the Document or Information is Disclosed or produced.  The "Confidential" designation should not obscure or interfere with the legibility of the designated Information. Documents or Information shall, otherwise, be produced in their native format despite their "Confidential" designations, unless redaction or omission can be justified through any applicable privilege or law.

a.     For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" before the deposition is concluded with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the final deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix the top of each page the legend "Confidential," as instructed by the Designating Party.

4

**iii. any testimony related to the content of the tax returns is deemed confidential without either party designating it as such.**

b. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, external hard drives, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

6. For documents redacted or withheld from production solely on the basis of privilege, including attorney-client privilege, work product doctrine, and/or any other applicable privilege, the Producing Party will prepare a privilege log containing, for each document claimed as privileged, the following information:

a. Date composed, created, or appearing on the document;

b. Date document was sent or communicated to others;

c. Author(s);

d. Number of pages, if other than an email;

e. Privilege or protection claimed; and

f. Brief description identifying the document type (e.g., email, PowerPoint, memorandum, etc.) and subject matter of the document. This provision does not require a privilege log for records that are unresponsive to any propounded Request for Production.

7. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document or Information that is subject to a "Confidential" designation is inadvertently

5

produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document or Information shall promptly destroy the inadvertently produced Document or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document or Information to counsel for the producing Party and shall retain only the intentionally produced "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. If this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents or Information, such law shall govern.

8.     In the event that counsel for a Party receiving Documents or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information

6

addressed by the Designation Objections (the "Designation Motion").  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation.  If the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion by the Designating Party, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

9.    Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a.    the Court;

b.    (1) Attorneys of record in this or any prior Proceedings and their affiliated attorneys, and support staff employed by such attorneys who are actively involved in this Proceeding and are not employees of any Party.  (2) In-house counsel to the Debtor, Signal Hill Service Inc., and its affiliates, and Creditor, California State Lands Commission, and the paralegal, clerical and secretarial staff employed by such counsel.  Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

c.    those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the investigation of Debtor's finances within this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall

secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    d.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    e.    any deposition, trial or hearing witness in this or any prior Proceedings who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

    f.    any deposition or non-trial hearing witness in this Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

    g.    mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

    h.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall  secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach

WYD 33

Appellate Case: 25-8081   Document: 1-1   Date Filed: 12/18/2025   Page: 35

of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and any other person that the Designating Party agrees to in writing.

10.     Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding and those related to it, and not for any business or other purpose whatsoever.

11.     Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

12.     Entering, agreeing to, and/or complying with the terms of this Protective Order shall not:

a.     operate as an admission by any person that any Document or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b.     prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

i.     to seek a determination by the Court of whether any Confidential Material should be subject to protection as "Confidential" under the terms of this Protective Order; or

ii.     to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any Document, Material or Information.

13.     Any Party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become

9

WYD 34

a Party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

14. Any Information that may be produced by a non-Party witness in discovery in this or any prior Proceedings pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

15. If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16. Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require

10

additional protection.  The Parties shall meet and confer to agree upon the merits and terms of such additional protection.

17.    If, after execution of this Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

18.    This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials designated by that Party.  If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

19.    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material, including in motions, briefs, and proceedings. A Party that seeks to file under seal any Confidential Material must comply with all applicable bankruptcy laws, local rules, and federal laws. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

20.    Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek

judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Material.

21.    This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after this Proceeding and all subsequent and/or related proceedings are terminated.

22.    Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition subject to the agreement between the Parties' counsel, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials.  To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

23.    The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Protective Order. If the Court modifies this Protective Order, or if the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter

12

such a different Order.  It is the Parties' intent to be bound by the terms of this Protective Order pending its entry to allow for immediate production of Confidential Materials under the terms herein.  This Protective Order may be executed in counterparts.

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Protective Order.

**IT IS SO ORDERED.**

_____ 9/26/2025
The Honorable Cathleen D. Parker
United States Bankruptcy Judge

WYD 38

**EXHIBIT A**

**CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS**

I _____ hereby acknowledge that I, _____,

[POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in

connection with the Proceeding, (Case No. 2:24bk20439.)  I certify that I understand that the

Confidential Materials are provided to me subject to the terms and restrictions of the Protective

Order filed in this Proceeding.  I have been given a copy of the Protective Order; I have read it,

and I agree to be bound by its terms. I understand that Confidential Materials, as defined in the

Protective Order, including any notes or other records that may be made regarding any such

materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order.

I will not copy or use, except solely for the purposes of this Proceeding or those related to it, any

Confidential Materials obtained pursuant to this Protective Order, except as provided therein or

otherwise ordered by the Court in the Proceeding. I further understand that I am to retain all

copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that

all copies of such Materials are to remain in my personal custody until termination of my

participation in this Proceeding, whereupon the copies of such Materials will be returned to

counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is

true and correct.  Executed this _____ day of _____, 20__, at _____.

DATED:_____ BY: _____

Signature _____
Title _____
Address _____
City, State, Zip _____
Telephone Number_____

14

WYD 39

FILED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In re:

SIGNAL HILL SERVICE, INC.,

Debtor.

Case No. 24-20439
Chapter 7

1:48 pm, 9/26/25

HJ Esterholdt
Clerk of Court

## ORDER ON MOTION TO CLARIFY ORDER

This matter is before the court on Debtor's Motion to Clarify Order. The court entered the Protective Order on September 26, 2025. As such, Debtor's Motion is denied as moot.

BY THE COURT

_Cathleen D. Parker_  9/26/2025

Honorable Cathleen D. Parker
United States Bankruptcy Judge

Service to:
Signal Hill Service, Inc.
Stephen R. Winship
Steven Kerns

**WDNARPT, APLDIST, APPEAL**

# U.S. Bankruptcy Court
## District of Wyoming (Cheyenne)
## Bankruptcy Petition #: 24-20439

*Date filed:* 11/01/2024
*341 meeting:* 11/26/2024

*Assigned to:* Cathleen D. Parker
Chapter 7
Voluntary
No asset

*Debtor*
**Signal Hill Service, Inc.**
204 W Spear St.
#4063
Carson City, NV 89703
JOHNSON-WY
Tax ID / EIN: 33-0427975

represented by **Stephen R. Winship**
Winship and Winship, PC
145 South Durbin Street
Suite 201
Casper, WY 82601
307-234-8991
Fax : 307-234-1116
Email: steve@winshipandwinship.com

*Trustee*
**Randy L. Royal**
P.O. Box 551
Greybull, WY 82426
307-765-4433

represented by **Randy L. Royal**
P.O. Box 551
Greybull, WY 82426
307-765-4433
Email: rlroyal@randylroyalpc.com

*U.S. Trustee*
**US Trustee**
308 West 21st Street, 2nd Floor
Cheyenne, WY 82001
307-772-2790
USTPRegion19.cy.ecf@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 11/01/2024 | 1<br>(44 pgs) | Chapter 7 Voluntary Petition Non-Individual Fee Amount $ 338 filed by Stephen R. Winship of Winship and Winship, PC on behalf of Signal Hill Service, Inc.. (Winship, Stephen) |
| 11/01/2024 | | Receipt of Chapter 7 Voluntary Petition - Case Upload( 24-20439) [caseupld,1027u] ( 338.00) Filing Fee. Receipt number A2594722. Fee amount 338.00. (re: Doc# 1) (U.S. Treasury) |
| 11/01/2024 | 2<br>(2 pgs; 2 docs) | Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Interim Trustee Royal, Randy L. with 341(a) meeting to be held on 11/26/2024 at 10:00 AM via Zoom - Royal: Meeting ID 333 011 6200, Passcode 3622032310, Phone 1-307-306-9603. (Winship, Stephen) |

| | | |
|---|---|---|
| 11/03/2024 | 3<br>(3 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (related document(s):2 Meeting (AutoAssign Chapter 7b)). No. of Notices: 48. Notice Date 11/03/2024. (Admin.) |
| 11/13/2024 | 4<br>(9 pgs; 2 docs) | Statement of Financial Affairs for Non-Individual - *AMENDED*, Certificate of Service . Filed by Signal Hill Service, Inc. (Attachments: # 1 Certificate of Service) (Winship, Stephen) |
| 11/26/2024 | 5 | Chapter 7 Trustee's Report of No Distribution: I, Randy L. Royal, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Debtor appeared. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 0.00, Assets Exempt: Not Available, Claims Scheduled: $ 105459691.70, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 105459691.70. (Royal, Randy) |
| 11/26/2024 | | 341 Meeting Concluded - Debtor(s) appeared on scheduled or continued 11 U.S.C. 341 Meeting of Creditors date and Meeting was Concluded on same date. *November 26, 2024* (Royal, Randy) |
| 12/05/2024 | 6<br>(1 pg) | Withdrawal of *Trustee's Report of No Distribution* (related document(s): 5 Chapter 7 Trustee's Report of No Distribution). Filed by Randy L. Royal (Royal, Randy) |
| 12/16/2024 | 7 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Conducted or filed a document required by rule or statute related to a meeting of creditors required by 11 U.S.C. Section 341. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 12/16/2024). (related document(s):2 Meeting (AutoAssign Chapter 7b)). Filed by Randy L. Royal (Royal, Randy) |
| 02/12/2025 | 8<br>(37 pgs; 3 docs) | Motion for 2004 Examination *Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel; Declaration of Steven W. Kerns.* Filed on behalf of California State Lands Commission by Steven Kerns Jr. (Attachments: # 1 Supplement Form 2540 - Subpoena for Rule 2004 Examination # 2 Proposed/Unsigned Order) (Kerns, Steven) |
| 02/13/2025 | 9<br>(2 pgs) | Motion To Strike (related document(s):8 Motion for Examination). Filed on behalf of Signal Hill Service, Inc. by Stephen R. Winship. (Winship, Stephen) |
| 02/14/2025 | 10<br>(1 pg) | Order Denying Debtors Motion To Strike the Motion for 2004 Examination (Related Doc # 9) (tsm) |

| 02/16/2025 | 11<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s):10 Order on Motion to Strike). No. of Notices: 1. Notice Date 02/16/2025. (Admin.) |
|---|---|---|
| 02/21/2025 | 12<br>(2 pgs) | Order Granting Creditor's Motion for Rule 2004 Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel (Related Doc # 8) (tsm) |
| 02/23/2025 | 13<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s):12 Order on Motion for Examination). No. of Notices: 2. Notice Date 02/23/2025. (Admin.) |
| 02/26/2025 | 14<br>(13 pgs) | Subpoena Issued (Related document(s) 12 Order on Motion for Examination) (caf) |
| 02/28/2025 | 15<br>(2 pgs) | Notice of Appearance and Request for Notice *and All Pleadings* by John A. Coppede. Filed by on behalf of Gaynor Ranch LLC (Coppede, John) |
| 03/26/2025 | 16<br>(9 pgs) | Certificate of Service (related document(s):12 Order on Motion for Examination). Filed by California State Lands Commission (Sheet, Leena) |
| 04/14/2025 | 17<br>(6 pgs; 2 docs) | Motion to Amend Order */Reconsider Rule 2004 Order* (related document(s):12 Order on Motion for Examination). Filed on behalf of Signal Hill Service, Inc. by Stephen R. Winship. (Attachments: # 1 Proposed/Unsigned Order) (Winship, Stephen) |
| 04/21/2025 | 18<br>(95 pgs) | Opposition Response to (related document(s): 17 Motion to Amend Order */Reconsider Rule 2004 Order* filed by Debtor Signal Hill Service, Inc.) Filed by California State Lands Commission (Kerns, Steven) |
| 04/23/2025 | 19<br>(6 pgs) | Reply to (related document(s): 18 Response filed by Creditor California State Lands Commission) Filed by Signal Hill Service, Inc. (Winship, Stephen) |
| 04/25/2025 | 20<br>(31 pgs; 2 docs) | Addendum re: *Supplement to Reply to Opposition to Debtor Signal Hill Service, Inc.'s Motion to Reconsider Rule 2004 Order* (related document(s):19 Reply). Filed by Signal Hill Service, Inc. (Attachments: # 1 Exhibit) (Winship, Stephen) |
| 05/07/2025 | 21<br>(3 pgs) | Addendum re: *Second Supplement to Reply to Opposition to Debtor Signal Hill Service, Inc.'s Motion to Reconsider Rule 2004 Order* (related document(s):19 Reply, 20 Addendum). Filed by Signal Hill Service, Inc. (Winship, Stephen) |
| 05/09/2025 | 22<br>(1 pg) | Order Scheduling Hearing on Motion to Reconsider Rule 2004 Order (related document(s):17 Motion to Amend Order). Hearing scheduled for 5/28/2025 at 09:30 AM at Telephone Conference. (tsm) |
| 05/11/2025 | 23<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s):22 Order Scheduling Hearing). No. of Notices: 1. Notice Date 05/11/2025. (Admin.) |
| 05/22/2025 | 24<br>(5 pgs; 2 docs) | Stipulation By California State Lands Commission and *Signal Hill Service, Inc. to Continue Hearing on Motion to Reconsider Rule 2004* |

| | | *Order*.. Filed by California State Lands Commission (Attachments: # 1 Proposed/Unsigned Order) (Kerns, Steven) |
|---|---|---|
| 05/27/2025 | 25 (5 pgs; 2 docs) | Stipulation By California State Lands Commission and *Signal Hill Service, Inc. to Continue Hearing on Motion to Reconsider Rule 2004 Order*.. Filed by California State Lands Commission (Attachments: # 1 Proposed/Unsigned Order) (Sheet, Leena) |
| 05/27/2025 | 26 (2 pgs) | Order Granting Parties' Amended Stipulation to Continue Hearing on Motion to Reconsider Rule 2004 Order (related document(s):17 Motion to Amend Order). Hearing rescheduled for 7/30/2025 at 09:30 AM at Telephone Conference. (caf) |
| 05/29/2025 | 27 (4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s):26 Order Continuing/Rescheduling Hearing). No. of Notices: 2. Notice Date 05/29/2025. (Admin.) |
| 07/08/2025 | 28 (2 pgs) | Notice of Appearance and Request for Notice by Jeffrey M Boldt. Filed by on behalf of California State Lands Commission (Boldt, Jeffrey) |
| 07/13/2025 | 29 (7 pgs; 3 docs) | Motion to Appear pro hac vice for Steven Kerns. . Filed on behalf of California State Lands Commission by Jeffrey M Boldt. (Attachments: # 1 Affidavit Affidavit in Support of Motion for Steven Kerns to Appear Pro Hac Vice # 2 Proposed/Unsigned Order Proposed Order Admitting Steven Kerns Pro Hac Vice) (Boldt, Jeffrey) |
| 07/13/2025 | 30 (7 pgs; 3 docs) | Motion to Appear pro hac vice for Isabella Langone. . Filed on behalf of California State Lands Commission by Jeffrey M Boldt. (Attachments: # 1 Affidavit Affidavit in Support of Motion for Isabella Langone to Appear Pro Hac Vice # 2 Proposed/Unsigned Order Proposed Unsigned Order Admitting Isabella Langone Pro Hac Vice) (Boldt, Jeffrey) |
| 07/15/2025 | 31 (1 pg) | Order Granting Motion for Steven Kerns to Appear pro hac vice (Related Doc # 29) (dcsl) |
| 07/15/2025 | 32 (1 pg) | Order Granting Motion for Isabella Langone to Appear pro hac vice (Related Doc # 30) (dcsl) |
| 07/30/2025 | 33 (1 pg) | Minutes of Hearing Held (related document(s):17 Motion to Amend Order). (dcsl) |
| 07/30/2025 | 34 (1 pg) | ◀))) PDF with attached Audio File. Court Date & Time [07/30/2025 09:42:18 AM]. File Size [ 8169 KB ]. Run Time [ 00:35:11 ]. (admin). |
| 08/20/2025 | 35 (15 pgs) | Motion for Protective Order *PROTECTIVE ORDER CONFIDENTIAL DESIGNATION ONLY*. Filed on behalf of California State Lands Commission by Steven Kerns Jr. (Kerns, Steven) |
| 08/21/2025 | 36 (15 pgs) | Proposed Order *PROTECTIVE ORDER CONFIDENTIAL DESIGNATION ONLY* (related document(s):17 Motion to Amend Order, 18 Response, 33 Minutes of Proceedings). Filed by California State Lands Commission (Kerns, Steven) |
| 08/26/2025 | 37 (4 pgs) | Motion to Clarify *Order* (related document(s):33 Minutes of Proceedings). Filed on behalf of Signal Hill Service, Inc. by Stephen R. Winship. |

| | | (Winship, Stephen) |
|---|---|---|
| 08/26/2025 | 38 (8 pgs; 3 docs) | Objection to (related document(s):35 Motion for Protective Order, 36 Proposed Order). Filed by Signal Hill Service, Inc. (Attachments: # 1 Proposed/Unsigned Order # 2 Exhibit A) (Winship, Stephen) |
| 08/29/2025 | 39 (6 pgs; 3 docs) | Motion to Appear pro hac vice for Jessica Tucker-Mohl. . Filed on behalf of California State Lands Commission by Jeffrey M Boldt. (Attachments: # 1 Affidavit Affidavit of Jessica Tucker-Mohl # 2 Proposed/Unsigned Order) (Boldt, Jeffrey) |
| 08/29/2025 | 40 (5 pgs) | Response to (related document(s): 12 Order on Motion for Examination, 17 Motion to Amend Order /Reconsider Rule 2004 Order filed by Debtor Signal Hill Service, Inc., 33 Minutes of Proceedings, 36 Proposed Order filed by Creditor California State Lands Commission, 38 Objection to filed by Debtor Signal Hill Service, Inc.) RESPONSE IN OPPOSITION TO DEBTORS OBJECTION TO PROPOSED PROTECTIVE ORDER Filed by California State Lands Commission (Langone, Isabella) |
| 09/15/2025 | 41 (1 pg) | Order Granting Motion for Jessica Tucker-Mohl To Appear pro hac vice (Related Doc # 39) (dcsl) |
| 09/17/2025 | 42 (3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s):41 Order on Motion to Appear pro hac vice). No. of Notices: 1. Notice Date 09/17/2025. (Admin.) |
| 09/26/2025 | 43 (14 pgs) | Amended Protective Order - Confidential Designation Only (Related Doc # 35) (dcsl) |
| 09/26/2025 | 44 (1 pg) | Order on Motion To Clarify Order (Related Doc # 37) (dcsl) |
| 09/28/2025 | 45 (16 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s):43 Order on Motion for Protective Order). No. of Notices: 3. Notice Date 09/28/2025. (Admin.) |
| 09/28/2025 | 46 (3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s):44 Order on Motion to Clarify). No. of Notices: 1. Notice Date 09/28/2025. (Admin.) |
| 10/09/2025 | 47 (20 pgs; 4 docs) | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 (related document(s):12 Order on Motion for Examination, 43 Order on Motion for Protective Order, 44 Order on Motion to Clarify). Filed by Signal Hill Service, Inc. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3)(Winship, Stephen) |
| 10/09/2025 | 48 | Receipt of Notice of Appeal and Statement of Election( 24-20439) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number A2670144. Fee amount 298.00. (re: Doc# 47) (U.S. Treasury) |
| 10/09/2025 | 49 (26 pgs; 4 docs) | Motion for Leave to Appeal (related document(s):12 Order on Motion for Examination, 43 Order on Motion for Protective Order, 44 Order on Motion to Clarify). Filed on behalf of Signal Hill Service, Inc. by Stephen R. Winship. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Winship, Stephen) |

Appellate Case: 25-8081   Document: 1-1   Date Filed: 12/18/2025   Page: 47



**FILED**

**10:23 am, 11/14/25**

**Margaret Botkins
Clerk of Court**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

Civil Action No. 25-cv-236-KHR
(Bankr. No. 24-20439)

In re SIGNAL HILL SERVICE, INC.,

      Debtor.

_____

SIGNAL HILL SERVICE, INC., CARONE ENERGY CORPORATION, CARONE
PETROLEUM CORPORATION, REPUBLIC DRILLING COMPANY, INC., PACIFIC
OPERATORS OFFSHORE, LLC, VERRAZZANO CORPORATION, CARPINTERIA
OFFSHORE PROJECT LTD, PACTIFIC OPERATORS INC., and ANAMERICAN
CORPORATION,

      Appellants,

v.

CALIFORNIA STATE LANDS COMMISSION,

      Appellee.

---

### ORDER DENYING MOTION FOR LEAVE TO APPEAL AND DISMISSING APPEAL

---

On October 9, 2025, Signal Hill Service, Inc. ("Signal Hill") and its affiliates[1] (collectively,

"Appellants") filed a *Notice of Appeal* listing the following three Bankruptcy Court orders on

appeal: (1) *Order Granting Creditor's Motion for Rule 2004 Request for Production of Documents

and Deposition of Third-Party Witness Alex Schurawel* ("Rule 2004 Order") [Bankr. ECF No. 12],

(2) *Amended Protective Order – Confidential Designation Only* ("Amended Protective Order")

[Bankr. ECF No. 43], and (3) *Order on Motion to Clarify Order* ("Clarification Order") [Bankr.

---

[1] The affiliates are Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc.,
Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc.,
dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

ECF No. 44]. Appellants concurrently filed a *Motion for Leave to Appeal* ("Motion") [ECF No. 3], which the California State Lands Commission ("Appellee") objected to [ECF No. 7].

## BACKGROUND

Signal Hill is an offshore oil production business, and Appellants acquired and produced oil and gas from platform leases off the coast of California. [ECF No. 3, at 1–2]. In August 2019, Appellee sued Signal Hill in Santa Barbara Superior Court in California for trespass, breach of contract, and declaratory relief. [ECF No. 7, at 2]. In March 2024, Appellee and Signal Hill stipulated to a judgment in favor of Appellee, and the state court subsequently entered judgment. Signal Hill then filed a chapter 7 petition in November 2024.

On February 12, 2025, Appellee filed its *Motion for Rule 2004 Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel* ("Rule 2004 Motion") [Bankr. ECF No. 8], which included a request for certain Signal Hill tax preparation records and filings. Signal Hill moved to strike. The Bankruptcy Court entered the Rule 2004 Order denying the motion to strike and granting the Rule 2004 Motion. On April 14, 2025, Signal Hill moved for reconsideration of the Rule 2004 Order ("Reconsideration Motion") [Bankr. ECF No. 17] requesting that the Bankruptcy Court limit the required disclosures to four years and not include tax returns or other information related to non-debtor entities.

The Bankruptcy Court held a hearing on the Reconsideration Motion on July 30, 2025. At the conclusion of the hearing, the Bankruptcy Court overruled any objection to disclosure of the tax returns required in the Rule 2004 Order but allowed a protective order regarding the tax returns. The Bankruptcy Court subsequently entered a minute order denying the Reconsideration Motion and directing that "[c]ounsel for the creditor is to prepare and file a proposed protective order" ("Order Denying Reconsideration") [Bankr. ECF No. 33]. Appellee submitted a proposed

2

protective order, which Signal Hill objected to, and Signal Hill filed its own proposed protective order. Signal Hill also filed a *Motion to Clarify Order* [Bankr. ECF No. 37] seeking clarification as to whether a formal order was required or whether the proposed protective orders were sufficient.

On September 26, 2025, the Bankruptcy Court entered the Amended Protective Order and Clarification Order, which denied Signal Hill's *Motion to Clarify Order* as moot. As of the date of the appeal, "no documents requested by [Appellee] have been produced nor has Alex Schurawel's deposition been scheduled." [ECF No. 3, at 4].

## LEGAL STANDARD

Bankruptcy appeals are governed by 28 U.S.C. § 158. Appeals from "final judgments, orders, and decrees" may be taken as of right. 28 U.S.C. § 158(a)(1). Interlocutory bankruptcy court orders, with a limited exception not relevant here, may be appealed only "with leave of the court" pursuant to § 158(a). *Id.* § 158(a)(2)–(3). The Tenth Circuit has held that "an order is final if it ends the litigation on the merits. . . . The appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the . . . discrete controversy pursued within the broader framework cast by the petition." *In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir. 1990).

An interlocutory order may be reviewed under the collateral order doctrine, through which a party must show that the trial court's order "(1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Los Lobos Renewable Power, LLC v. Americulture, Inc*, 885 F.3d 659, 664 (10th Cir. 2018) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). The Supreme Court has referred to these conditions as "stringent." *Id.*

3

(citing *Will v. Hallock*, 546 U.S. 345, 345–46 (2006)). "Unless all three requirements are established, jurisdiction is not available under the collateral order doctrine." *Boughton v. Cotter Corp.*, 10 F.3d 746, 749 (10th Cir. 1993).

## APPELLANTS' ARGUMENTS

Appellants "request that this court determine that this appeal is from a final order or that the subject orders be reviewed under the Collateral Order doctrine." [ECF No. 3, at 4]. Appellants claim that the Bankruptcy Court orders "resolved the discrete issues regarding the disclosure of income tax returns of the Affiliates," *id.* at 5, and therefore are considered final pursuant to the standard outlined in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) ("A bankruptcy case embraces 'an aggregation of individual controversies.' Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." (internal citations omitted)).

In the alternative, Appellants contend that leave to appeal should be granted pursuant to the collateral order doctrine because granting leave to appeal "would be conclusive as to the issues presented above, resolve important issues separate or independent from the merits of the underlying bankruptcy case and said issues will become effectively unreviewable if not reviewed by this appeal." [ECF No. 3, at 5]. As to the first factor, Appellants argue the appealed orders conclusively determine the disputed questions of (1) "[w]hether, in a Chapter 7 bankruptcy case, may a creditor obtain the Federal income tax returns of non-debtors through Fed. R. Bankr. P. 2004," and (2) "[w]hether, in a Chapter 7 bankruptcy case, may a creditor seek to discover information to determine whether there is sufficient basis to allow the commencement of a fraudulent conveyance adversary proceeding under 11 U.S.C. §§ 544(a) and/or 548." *Id.* at 4–5. As to the second factor, Appellants contend that the appeal resolves important questions separate

4

from the merits given that tax returns have historically been protected by qualified privilege against disclosure. *Id.* at 6. Appellants further contend the issues of tax return disclosure and standing "are completely separate from the bankruptcy case," thereby having the practical effect of reviewing the matter now to avoid duplicate review later. *Id.* Appellants claim that "once the tax returns are disclosed and the accountant's deposition is taken, the above issues . . . become completely separate from the possible fraudulent conveyance adversary proceeding." *Id.* at 8. As to the third factor, Appellants argue that because the issue will be rendered moot by the disclosure of tax information, these issues cannot be fully redressed by a future appeal. *Id.*

## DISCUSSION

### A.    Timeliness

The Rule 2004 Order was entered on February 21, 2025. Appellants filed the Reconsideration Motion on April 14, 2025. The Bankruptcy Court denied the Reconsideration Motion on July 30, 2025. Appellant then filed its *Notice of Appeal* on October 9, 2025. Pursuant to Rule 8002(a)(1), an appeal must be filed within fourteen days after the judgment, order, or decree to be appealed is entered, and the time to appeal will be extended if a party files a motion pursuant to Rule 7052, Rule 9023, or Rule 9024 (if the motion is filed within 14 days after the judgment is entered). Fed. R. Bankr. P. 8002(b)(1). Here, Appellants filed the Reconsideration Motion fifty-two days after entry of the Rule 2004 Order such that the filing of the Reconsideration Motion did not toll the time to appeal the Rule 2004 Order, and Appellants filed the *Notice of Appeal* seventy-one days after entry of the Order Denying Reconsideration. As such, the appeal of the Rule 2004 Order is untimely. Further, the Amended Protective Order and Clarification Order do not extend the time to appeal the Rule 2004 Order. While an interlocutory order will merge into a final order rendering that order reviewable on appeal from the final order, here, the Amended

5

Protective Order and Clarification Order are not final for the reasons discussed below. *Koch v. City of Del City*, 660 F.3d 1228, 1237 (10th Cir. 2011) ("[O]nce a [trial] court enters a final order, its earlier interlocutory orders merge into the final judgment and are reviewable on appeal." (internal citation omitted)).

**B.    Finality**

The Amended Protective Order and Clarification Order both stem from the Bankruptcy Court's denial of the Reconsideration Motion. Pursuant to the test outlined in *In re Durability, Inc.* along with the guidance from *In re Lynch*, the Amended Protective Order and Clarification Order are not final orders given that there may be ongoing litigation stemming from the Rule 2004 Order, as Appellants have not yet produced the requested documents and the deposition of Appellants' accountant has not yet been scheduled. *See also* Right of appeal, 1 Bankruptcy Litigation § 4:37 ("The present weight of authority suggests that orders authorizing or denying Bankruptcy Rule 2004 examinations are interlocutory for purposes of appeal.").

Further, the Amended Protective Order and Clarification Order are not reviewable under the collateral order doctrine, which sets out three "stringent" factors that must each be met. A party must show that the trial court's order "(1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Los Lobos Renewable Power, LLC v. Americulture, Inc*, 885 F.3d 659, 664 (10th Cir. 2018) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

**1.    Conclusively Determine the Disputed Question**

The Amended Protective Order and Clarification Order collectively address the substance of and conclusively determine the disputed issue of whether to grant a Rule 2004 request and its

6

implications. Therefore, this factor is met.

### 2.     Important Issue Completely Separate from the Merits of the Action

The Amended Protective Order and Clarification Order are not completely separate from the merits of the action. "The primary purpose of an examination under Rule 2004 is to ascertain the extent and location of the estate's assets." *In re Kearney*, 590 B.R. 913, 920 (Bankr. D.N.M. 2018). Here, Appellee requested a Rule 2004 examination "to determine if the Debtor's transactions reveal any fraudulent conveyances prior to it declaring bankruptcy, identify and locate assets of the estate, assess the accuracy of Debtor's petition and schedules, and collect information to determine whether the Debtor has committed wrongdoing." [Bankr. ECF No. 8, at 4]. The results from the Rule 2004 examination and deposition will likely have an effect on whether the Trustee brings a fraudulent transfer action and are not completely separate from the merits of the bankruptcy case. Therefore, this factor is not met.

### 3.     Effectively Unreviewable on Appeal from a Final Judgment

The Tenth Circuit has held that "[i]f this court determines that privileged documents were wrongly turned over to the plaintiffs and were used to the detriment of defendants at trial, we can reverse any adverse judgment and require a new trial, forbidding any use of the improperly disclosed documents. Plaintiffs would also be forbidden to offer at trial any documents, witnesses, or other evidence obtained as a consequence of their access to the privileged documents." *Boughton v. Cotter Corp.*, 10 F.3d 746, 749 (10th Cir. 1993); *see also In re Gray*, 447 B.R. 524, 533 (E.D. Mich. 2011) ("Nor is the Rule 2004 order 'effectively unreviewable.' Again, as discussed above, if [appellant] were to refuse to comply with the order, and the Bankruptcy Court adjudged it in contempt, it could seek review of the contempt order. The conclusion that [appellate] review of a Rule 2004 order cannot be had pursuant to the collateral order doctrine is in accord

7

with other courts that have considered this precise question."). Therefore, the appealed orders are not effectively unreviewable on appeal from a final judgment, and this factor is not met.

## CONCLUSION

Because there is a lack of finality and the stringent factors for the collateral order doctrine are not met, the timely appealed orders cannot properly be the subject of an interlocutory appeal. Accordingly, it is HEREBY ORDERED that the Motion is DENIED and the appeal is DISMISSED.

DATED this 14th day of November 2025.

_____
Kelly H. Rankin
Chief United States District Judge

WYD 54

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

Civil Action No. 25-cv-236-KHR
(Bankr. No. 24-20439)

In re SIGNAL HILL SERVICE, INC.,

     Debtor.

_____

SIGNAL HILL SERVICE, INC., CARONE ENERGY CORPORATION, CARONE PETROLEUM CORPORATION, REPUBLIC DRILLING COMPANY, INC., PACIFIC OPERATORS OFFSHORE, LLC, VERRAZZANO CORPORATION, CARPINTERIA OFFSHORE PROJECT LTD, PACTIFIC OPERATORS INC., and ANAMERICAN CORPORATION,

     Appellants,

v.

CALIFORNIA STATE LANDS COMMISSION,

     Appellee.

---

## JUDGMENT

---

Judgment of this Court is hereby entered in accordance with the Order Denying Motion for Leave and Dismissing Appeal of Chief District Judge Kelly H. Rankin entered on November 14, 2025.

DATED this 14th day of November 2025.

          **MARGARET BOTKINS, Clerk of Court**

          By:    /s/ Margaret Botkins
                 Clerk of Court

Appellate Case: 25-8081    Document: 1-1    Date Filed: 12/18/2025    Page: 57

Stephen R. Winship
(Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP, P.C.
145 South Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991
steve@winshipandwinship.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: | |
| SIGNAL HILL SERVICE, INC., | Case No. 24-20439<br>CHAPTER 7 |
| Debtor. | |
| CARONE ENERGY CORPORATION,<br>CARONE PETROLEUM CORPORATION,<br>REPUBLIC DRILLING COMPANY, INC.,<br>PACIFIC OPERATORS OFFSHORE, LLC,<br>VERRAZZANO CORPORATION,<br>CARPINTERIA OFFSHORE PROJECT LTD,<br>PACIFIC OPERATORS, INC., dba PACIFIC<br>OPERATORS OFFSHORE, INC., and<br>ANAMERICAN CORPORATION<br>(fdba ANAMERICAN DRILLING, INC.) | Civil Action No. 25-cv-236-KHR |
| Appellants, | |
| v. | |
| CALIFORNIA STATE LAND COMMISSION, | |
| Appellee. | |

## NOTICE OF APPEAL

**COMES NOW** the above-named Appellants and Debtor, by and through their attorney, and hereby appeal to the United States Court of Appeals for the Tenth Circuit from the order

1 | P a g e

WYD 56

entered in the above referenced matter by the United States District Court for the District of Wyoming as follows: "Order Denying Motion for Leave to Appeal and Dismissing Appeal", dated November 14, 2025 [D.E. 8].

The parties to the Order appealed from and the names and addresses of their respective attorneys are as follows:

| | |
|---|---|
| **Debtor:** | SIGNAL HILL SERVICE, INC. |
| **Debtor's affiliates:** | CARONE ENERGY CORPORATION, CARONE PETROLEUM CORPORATION, REPUBLIC DRILLING COMPANY, INC., PACIFIC OPERATORS OFFSHORE, LLC, VERRAZZANO CORPORATION, CARPINTERIA OFFSHORE PROJECT LTD, PACIFIC OPERATORS, INC., dba PACIFIC OPERATORS OFFSHORE, INC., ANAMERICAN CORPORATION (fdba ANAMERICAN DRILLING, INC.) |
| **Attorney for Appellants:** | Stephen R. Winship, #5-2093<br>WINSHIP & WINSHIP, P.C.<br>145 S. Durbin Street, Suite 201<br>Casper, WY 82601<br>Telephone: (307) 234-8991<br>steve@winshipandwinship.com |
| **Creditor:** | CALIFORNIA STATE LANDS COMMISSION |
| **Attorneys for Appellee:** | Steven Kerns, *pro hac vice*<br>Isabella Langone, *pro hac vice*<br>Jessica Tucker-Mohl, *pro hac vice*<br>California Attorney General's Office<br>1300 I Street | P.O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone: (916) 210-7662<br>Steven.Kerns@doj.ca.gov<br>Isabella.Langone@doj.ca.gov<br><br>Jeffrey M. Boldt, #7-4730<br>OVERSTREET HOMAR & KUKER<br>2922 Central Avenue |

2 | Page

Cheyenne, Wyoming 82001
Telephone: (307) 274-4444
jeffrey@kukerlaw.com

**Subject of Appeal:**

"Order Denying Motion for Leave to Appeal and Dismissing Appeal"
"Order on Motion for Leave to Appeal"

**DATED** this __15th__ day of December, 2025.

SIGNAL HILL SERVICE, INC.

By: _____
Stephen R. Winship
(Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP, P.C.
145 S. Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991
steve@winshipandwinship.com

## CERTIFICATE OF SERVICE

I, Stephen R. Winship hereby certify that a true and correct copy of the foregoing **Notice of Appeal** was served *electronically* upon **Steven Kerns (steven.kerns@doj.ca.gov)**, this __15th__ day of December, 2025.

_____
Stephen R. Winship

3 | P a g e

WYD 58



**FILED**

**10:23 am, 11/14/25**

**Margaret Botkins**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

Civil Action No. 25-cv-236-KHR
(Bankr. No. 24-20439)

In re SIGNAL HILL SERVICE, INC.,

      Debtor.

_____

SIGNAL HILL SERVICE, INC., CARONE ENERGY CORPORATION, CARONE
PETROLEUM CORPORATION, REPUBLIC DRILLING COMPANY, INC., PACIFIC
OPERATORS OFFSHORE, LLC, VERRAZZANO CORPORATION, CARPINTERIA
OFFSHORE PROJECT LTD, PACTIFIC OPERATORS INC., and ANAMERICAN
CORPORATION,

      Appellants,

v.

CALIFORNIA STATE LANDS COMMISSION,

      Appellee.

---

## ORDER DENYING MOTION FOR LEAVE TO APPEAL AND DISMISSING APPEAL

---

On October 9, 2025, Signal Hill Service, Inc. ("Signal Hill") and its affiliates[1] (collectively,

"Appellants") filed a *Notice of Appeal* listing the following three Bankruptcy Court orders on

appeal: (1) *Order Granting Creditor's Motion for Rule 2004 Request for Production of Documents*

*and Deposition of Third-Party Witness Alex Schurawel* ("Rule 2004 Order") [Bankr. ECF No. 12],

(2) *Amended Protective Order – Confidential Designation Only* ("Amended Protective Order")

[Bankr. ECF No. 43], and (3) *Order on Motion to Clarify Order* ("Clarification Order") [Bankr.

---

[1] The affiliates are Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc.,
Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc.,
dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

ECF No. 44]. Appellants concurrently filed a *Motion for Leave to Appeal* ("Motion") [ECF No. 3], which the California State Lands Commission ("Appellee") objected to [ECF No. 7].

## BACKGROUND

Signal Hill is an offshore oil production business, and Appellants acquired and produced oil and gas from platform leases off the coast of California. [ECF No. 3, at 1–2]. In August 2019, Appellee sued Signal Hill in Santa Barbara Superior Court in California for trespass, breach of contract, and declaratory relief. [ECF No. 7, at 2]. In March 2024, Appellee and Signal Hill stipulated to a judgment in favor of Appellee, and the state court subsequently entered judgment. Signal Hill then filed a chapter 7 petition in November 2024.

On February 12, 2025, Appellee filed its *Motion for Rule 2004 Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel* ("Rule 2004 Motion") [Bankr. ECF No. 8], which included a request for certain Signal Hill tax preparation records and filings. Signal Hill moved to strike. The Bankruptcy Court entered the Rule 2004 Order denying the motion to strike and granting the Rule 2004 Motion. On April 14, 2025, Signal Hill moved for reconsideration of the Rule 2004 Order ("Reconsideration Motion") [Bankr. ECF No. 17] requesting that the Bankruptcy Court limit the required disclosures to four years and not include tax returns or other information related to non-debtor entities.

The Bankruptcy Court held a hearing on the Reconsideration Motion on July 30, 2025. At the conclusion of the hearing, the Bankruptcy Court overruled any objection to disclosure of the tax returns required in the Rule 2004 Order but allowed a protective order regarding the tax returns. The Bankruptcy Court subsequently entered a minute order denying the Reconsideration Motion and directing that "[c]ounsel for the creditor is to prepare and file a proposed protective order" ("Order Denying Reconsideration") [Bankr. ECF No. 33]. Appellee submitted a proposed

WYD 60

protective order, which Signal Hill objected to, and Signal Hill filed its own proposed protective order. Signal Hill also filed a *Motion to Clarify Order* [Bankr. ECF No. 37] seeking clarification as to whether a formal order was required or whether the proposed protective orders were sufficient.

On September 26, 2025, the Bankruptcy Court entered the Amended Protective Order and Clarification Order, which denied Signal Hill's *Motion to Clarify Order* as moot. As of the date of the appeal, "no documents requested by [Appellee] have been produced nor has Alex Schurawel's deposition been scheduled." [ECF No. 3, at 4].

### LEGAL STANDARD

Bankruptcy appeals are governed by 28 U.S.C. § 158. Appeals from "final judgments, orders, and decrees" may be taken as of right. 28 U.S.C. § 158(a)(1). Interlocutory bankruptcy court orders, with a limited exception not relevant here, may be appealed only "with leave of the court" pursuant to § 158(a). *Id.* § 158(a)(2)–(3). The Tenth Circuit has held that "an order is final if it ends the litigation on the merits. . . . The appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the . . . discrete controversy pursued within the broader framework cast by the petition." *In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir. 1990).

An interlocutory order may be reviewed under the collateral order doctrine, through which a party must show that the trial court's order "(1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Los Lobos Renewable Power, LLC v. Americulture, Inc*, 885 F.3d 659, 664 (10th Cir. 2018) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). The Supreme Court has referred to these conditions as "stringent." *Id.*

3

(citing *Will v. Hallock*, 546 U.S. 345, 345–46 (2006)). "Unless all three requirements are established, jurisdiction is not available under the collateral order doctrine." *Boughton v. Cotter Corp.*, 10 F.3d 746, 749 (10th Cir. 1993).

## APPELLANTS' ARGUMENTS

Appellants "request that this court determine that this appeal is from a final order or that the subject orders be reviewed under the Collateral Order doctrine." [ECF No. 3, at 4]. Appellants claim that the Bankruptcy Court orders "resolved the discrete issues regarding the disclosure of income tax returns of the Affiliates," *id.* at 5, and therefore are considered final pursuant to the standard outlined in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) ("A bankruptcy case embraces 'an aggregation of individual controversies.' Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." (internal citations omitted)).

In the alternative, Appellants contend that leave to appeal should be granted pursuant to the collateral order doctrine because granting leave to appeal "would be conclusive as to the issues presented above, resolve important issues separate or independent from the merits of the underlying bankruptcy case and said issues will become effectively unreviewable if not reviewed by this appeal." [ECF No. 3, at 5]. As to the first factor, Appellants argue the appealed orders conclusively determine the disputed questions of (1) "[w]hether, in a Chapter 7 bankruptcy case, may a creditor obtain the Federal income tax returns of non-debtors through Fed. R. Bankr. P. 2004," and (2) "[w]hether, in a Chapter 7 bankruptcy case, may a creditor seek to discover information to determine whether there is sufficient basis to allow the commencement of a fraudulent conveyance adversary proceeding under 11 U.S.C. §§ 544(a) and/or 548." *Id.* at 4–5. As to the second factor, Appellants contend that the appeal resolves important questions separate

4

from the merits given that tax returns have historically been protected by qualified privilege against disclosure. *Id.* at 6. Appellants further contend the issues of tax return disclosure and standing "are completely separate from the bankruptcy case," thereby having the practical effect of reviewing the matter now to avoid duplicate review later. *Id.* Appellants claim that "once the tax returns are disclosed and the accountant's deposition is taken, the above issues . . . become completely separate from the possible fraudulent conveyance adversary proceeding." *Id.* at 8. As to the third factor, Appellants argue that because the issue will be rendered moot by the disclosure of tax information, these issues cannot be fully redressed by a future appeal. *Id.*

## DISCUSSION

### A.      Timeliness

The Rule 2004 Order was entered on February 21, 2025. Appellants filed the Reconsideration Motion on April 14, 2025. The Bankruptcy Court denied the Reconsideration Motion on July 30, 2025. Appellant then filed its *Notice of Appeal* on October 9, 2025. Pursuant to Rule 8002(a)(1), an appeal must be filed within fourteen days after the judgment, order, or decree to be appealed is entered, and the time to appeal will be extended if a party files a motion pursuant to Rule 7052, Rule 9023, or Rule 9024 (if the motion is filed within 14 days after the judgment is entered). Fed. R. Bankr. P. 8002(b)(1). Here, Appellants filed the Reconsideration Motion fifty-two days after entry of the Rule 2004 Order such that the filing of the Reconsideration Motion did not toll the time to appeal the Rule 2004 Order, and Appellants filed the *Notice of Appeal* seventy-one days after entry of the Order Denying Reconsideration. As such, the appeal of the Rule 2004 Order is untimely. Further, the Amended Protective Order and Clarification Order do not extend the time to appeal the Rule 2004 Order. While an interlocutory order will merge into a final order rendering that order reviewable on appeal from the final order, here, the Amended

5

WYD 63

Protective Order and Clarification Order are not final for the reasons discussed below. *Koch v. City of Del City*, 660 F.3d 1228, 1237 (10th Cir. 2011) ("[O]nce a [trial] court enters a final order, its earlier interlocutory orders merge into the final judgment and are reviewable on appeal." (internal citation omitted)).

## B.     Finality

The Amended Protective Order and Clarification Order both stem from the Bankruptcy Court's denial of the Reconsideration Motion. Pursuant to the test outlined in *In re Durability, Inc.* along with the guidance from *In re Lynch*, the Amended Protective Order and Clarification Order are not final orders given that there may be ongoing litigation stemming from the Rule 2004 Order, as Appellants have not yet produced the requested documents and the deposition of Appellants' accountant has not yet been scheduled. *See also* Right of appeal, 1 Bankruptcy Litigation § 4:37 ("The present weight of authority suggests that orders authorizing or denying Bankruptcy Rule 2004 examinations are interlocutory for purposes of appeal.").

Further, the Amended Protective Order and Clarification Order are not reviewable under the collateral order doctrine, which sets out three "stringent" factors that must each be met. A party must show that the trial court's order "(1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Los Lobos Renewable Power, LLC v. Americulture, Inc*, 885 F.3d 659, 664 (10th Cir. 2018) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

### 1.     Conclusively Determine the Disputed Question

The Amended Protective Order and Clarification Order collectively address the substance of and conclusively determine the disputed issue of whether to grant a Rule 2004 request and its

6

implications. Therefore, this factor is met.

###    2.    Important Issue Completely Separate from the Merits of the Action

The Amended Protective Order and Clarification Order are not completely separate from the merits of the action. "The primary purpose of an examination under Rule 2004 is to ascertain the extent and location of the estate's assets." *In re Kearney*, 590 B.R. 913, 920 (Bankr. D.N.M. 2018). Here, Appellee requested a Rule 2004 examination "to determine if the Debtor's transactions reveal any fraudulent conveyances prior to it declaring bankruptcy, identify and locate assets of the estate, assess the accuracy of Debtor's petition and schedules, and collect information to determine whether the Debtor has committed wrongdoing." [Bankr. ECF No. 8, at 4]. The results from the Rule 2004 examination and deposition will likely have an effect on whether the Trustee brings a fraudulent transfer action and are not completely separate from the merits of the bankruptcy case. Therefore, this factor is not met.

###    3.    Effectively Unreviewable on Appeal from a Final Judgment

The Tenth Circuit has held that "[i]f this court determines that privileged documents were wrongly turned over to the plaintiffs and were used to the detriment of defendants at trial, we can reverse any adverse judgment and require a new trial, forbidding any use of the improperly disclosed documents. Plaintiffs would also be forbidden to offer at trial any documents, witnesses, or other evidence obtained as a consequence of their access to the privileged documents." *Boughton v. Cotter Corp.*, 10 F.3d 746, 749 (10th Cir. 1993); *see also In re Gray*, 447 B.R. 524, 533 (E.D. Mich. 2011) ("Nor is the Rule 2004 order 'effectively unreviewable.' Again, as discussed above, if [appellant] were to refuse to comply with the order, and the Bankruptcy Court adjudged it in contempt, it could seek review of the contempt order. The conclusion that [appellate] review of a Rule 2004 order cannot be had pursuant to the collateral order doctrine is in accord

7

with other courts that have considered this precise question."). Therefore, the appealed orders are not effectively unreviewable on appeal from a final judgment, and this factor is not met.

## CONCLUSION

Because there is a lack of finality and the stringent factors for the collateral order doctrine are not met, the timely appealed orders cannot properly be the subject of an interlocutory appeal. Accordingly, it is HEREBY ORDERED that the Motion is DENIED and the appeal is DISMISSED.

DATED this 14th day of November 2025.

_____

Kelly H. Rankin
Chief United States District Judge

8